In the matter of the estate of SADIE SCHNEIDER LENART, deceased.

[Decided February 6th, 1939.]

On appeal from a decree of the prerogative court advised by Vice-Ordinary Berry, who filed the following opinion:

"This cause comes into this court through an appeal of Albert H. Lenart—if that be his name, for he has assumed several—from a decree of the Essex county orphans court directing distribution of the estate of Sadie Schneider Lenart, deceased, to Ruth Klugman, a daughter by a former marriage, and adjudging that Albert H. Lenart, the appellant, was not the husband of the decedent at the time of her death and that said appellant is not entitled to any share in the distribution of decedent's estate. The other appellant, Ruth Klugman, decedent's daughter, cross-appeals from only a portion of said decree allowing to the proctors for the appellant Albert H. Lenart a counsel fee of $1,500 to be paid by the administrator out of the assets of the estate.

"The rights of the parties to be determined upon the first appeal turn upon the question as to whether or not the appellant Albert H. Lenart was the husband of the decedent at the

time of her death. The issue raised by the second appeal turns upon the propriety of the award of counsel fees by the orphans court to the first appellant's counsel in view of the unusual circumstances disclosed by the evidence in this cause.

"Decedent, although a resident of New Jersey, died in Washington, District of Columbia, on January 8th, 1935, survived by her daughter, Ruth Klugman, and, as it then appeared, by a husband in the person of the appellant Albert H. Lenart.

"At first it was thought the decedent died intestate and the two appellants applied to the surrogate of Essex county for letters of administration upon the decedent's estate, which letters were granted on January 19th, 1935, upon each applicant entering into a bond to the ordinary in the sum of $40,000. Thereafter decedent's daughter found a last will and testament of her mother, bearing date December 24th, 1927, and thereupon requested her co-administrator to join with her in a petition to the orphans court of Essex county praying that the letters of administration be set aside and that they account. This he refused to do, whereupon the daughter, Ruth Klugman, alone so petitioned and prayed that she be appointed administratrix of the estate *cum testamento annexo*. A caveat was then filed by the appellant Albert H. Lenart, against the probate of said will and he also sought to be appointed administrator *cum testamento annexo* in the event of the probate of that will. After argument the orphans court appointed Harry H. Thomas administrator *cum testamento annexo*. The decree from which this appeal is taken was entered after an accounting by the administrator *cum testamento annexo* and upon petition for decree of distribution. On that petition in the orphans court voluminous testimony and other evidence was submitted, most of it being directed to the question of the marital status of the decedent and Albert H. Lenart, who was one of the claimants to a distributive share of the estate. That testimony and evidence disclosed a remarkable state of facts and resulted in a finding by the orphans court that Albert H. Lenart was not the lawful husband of the decedent at the time of her death.

It is unnecessary to recite in detail in this opinion the complete facts, including the record of this appellant's many matrimonial ventures, as they are recorded in detail in the advisory master's report upon which the decree of the orphans court was based. Suffice it to say that this appellant claimed to have been married to the decedent in Yonkers, New York, by a ceremonial marriage on October 15th, 1934, producing and offering in evidence an exemplified copy of the marriage certificate, and also producing as witnesses his brother and sister-in-law who were (under assumed names) witnesses at the marriage ceremony. This appellant's claim to a distributive share of the estate was originally rested squarely upon the assertion that he was the lawful husband of the decedent at the time of her death by virtue of the marriage ceremony which took place in Yonkers as above stated. Later, in the course of the proceedings, however, when this appellant's many previous matrimonial ventures has been shown, it was conceded that his ceremonial marriage to the decedent was void, and the claim was then and thereafter rested upon the allegation that he and the decedent were, at the time of the decedent's death, husband and wife by virtue of a common law marriage contracted and consummated, either in New Jersey or Florida, immediately following the marriage ceremony in Yonkers in October, 1934, and continuing until decedent's death. The evidence in the orphans court showed that this appellant was first married under the name of Abe Sonnenberg to Anna Tomback on June 15th, 1915, and that between that date and October 15th, 1934, the date of the alleged ceremonial marriage with decedent, he had, under various names, and in different parts of the country, from Connecticut to California, entered into eight ceremonial marriages, including that to the decedent. Some of these marriages were bigamous, and upon a charge of bigamy appellant pleaded guilty, and on January 29th, 1919, was sentenced to serve a term of at least two years and six months in Sing Sing prison. He served his term and was discharged from prison in 1921. He was later charged with forging a mortgage covering property belonging to one of his many

wives, this one in California, and to this charge he pleaded guilty and was sentenced to serve a term in prison in California where he remained until the fall of 1931. Coming east again appellant met decedent, who was a widow, representing himself to be a single man, and to never have been married before. All of his various matrimonial ventures are set forth chronologically in the advisory master's report. It appears that on March 25th, 1922, his first wife, Anna Tomback, obtained a divorce from him on the ground of adultery in the State of New York and the final decree of divorce then entered contained the provision that 'it shall not be lawful for the defendant to marry any person other than the plaintiff during the lifetime of the plaintiff except by express permission of the court.' It was because of this provision in the decree and the fact that appellant's first wife is still living that it was conceded in the orphans court that the ceremonial marriage of appellant and decedent in Yonkers in October, 1934, was void.

"During the course of the hearing on the petition for distribution in the orphans court, this appellant perjured himself many times, and as a result was charged with the crime of perjury and pleaded guilty before Judge Van Riper to that charge. Immediately upon the happening of this event and the discovery of the chicanery of his client, his then counsel retired from the cause. The advisory master found from the evidence that the appellant and the decedent had never entered into a common law marriage and that, the ceremonial marriage being void, the appellant was not entitled to a distributive share of the estate, basing this finding upon the fact that at the time of the ceremonial marriage appellant knew that under the decree of the New York court he was incapable of entering into a marital contract with the decedent; that decedent never knew that there was any legal impediment to that ceremonial marriage, and that there was never any agreement between the parties subsequent thereto which could be construed to have accomplished a common law marriage; that the relations between this appellant and decedent were meretricious from the date of the ceremonial

marriage and continued so to be up until the date of her death; and this on the authority of *Voorhees* v. *Voorhees,* *46 N. J. Eq. 411; affirmed, 47 N. J. Eq. 315.* (See, also, *47 N. J. Eq.* at *p. 555.*) The evidence upon which this finding was based was ample and compelling. On this appeal it is contended that the case of *Voorhees* v. *Voorhees,* upon the authority of which the advisory master rested his decision is no longer the law of this state and that the later case of *Chamberlain* v. *Chamberlain, 68 N. J. Eq. 414,* overruled *Voorhees* v. *Voorhees,* but I do not so understand the law. The decision of the Essex county orphans court on this appeal will be affirmed, and mainly for the reasons stated by the advisory master in his conclusions.

"With respect to the appeal of Ruth Klugman from that portion of the decree allowing $1,500 counsel fee to the appellant Lenart's counsel, I think on the authority of *In re Fulper, 99 N. J. Eq. 293,* this portion of the decree should be reversed. The language of Vice-Ordinary Buchanan disposing of a similar appeal in that cause is peculiarly applicable here. The services for which counsel has been awarded compensation out of the estate arose under the petition for distribution, and because of Albert H. Lenart's unfounded claim to a distributive share of the decedent's estate. Without intending to in the least impugn the motives of reputable counsel for appellant in prosecuting it, it should be said that the claim itself was born in iniquity and was supported all through the hearing by the client's perjury and evident chicanery. The claim was dishonest from the beginning, and to reward one who advances a spurious claim by payment for the services of his counsel in support of such claim would be a fraud on the estate. It will not be permitted. That portion of the decree awarding counsel fee to Albert H. Lenart's counsel will be reversed.

"This cause was submitted to this court on the record below plus some testimony taken before a special master in this court. The testimony was taken by consent of counsel subject to the right of any counsel to object to its materiality or its admissibility. On the first appeal, objection is made by appel-

lant to the court's consideration of this testimony as a part of the record. While I believe that under the circumstances of this case such testimony is properly evidential, it need not be and has not been considered, because other and previous proofs in the cause are entirely sufficient to support the conclusion of the advisory master which formed the basis of that portion of the decree from which the appellant Lenart appeals.

"I will advise a decree in accordance with these conclusions."

*Messrs. Child, Riker & Shipman,* for the appellant Albert H. Lenart.

*Messrs. Frazer, Stoffer & Jacobs,* for the respondent Harry H. Thomas, administrator, &c.

*Messrs. Schneider & Schneider,* for the respondent Ruth Klugman.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed by Vice-Ordinary Berry in the prerogative court.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15.

*For reversal*—None.